# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CARO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MS. DAVIS,<br><br>　　　　Defendant. | Case No. CV 21-0685-VBF (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## PROCEEDINGS

On January 25, 2021, Jose Caro ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983. On March 26, 2021, Plaintiff filed a First Amended Complaint ("FAC"). He names Ms. Davis, a nurse at the Men's Central Jail, as the sole defendant.

For the reasons set forth below, the Court finds that the FAC should be dismissed with leave to amend.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges the following:

"Ms. Davis offended, discriminated and disrespected [Plaintiff] for a long period of time based on not speaking [E]nglish, race and/or ethnicity." (FAC at 3.)  Ms. Davis violated

Plaintiff's Eighth Amendment rights when she "discriminated against" Plaintiff, "failed to meet [his] medical needs," and "failed to treat [him] equally just as any other patient when providing [him] with medical[] treatment." (Id. at 5.) "Nurse Davis stated that 'if you cannot speak [E]nglish you are not receiving medication' and [Plaintiff] made an attempt to speak and she walked away without giving [him his] medication." (Id.) Her actions were "racist and inappropriate and fall below the professional norms." (Id.) Plaintiff's complaints of discrimination were not fully investigated because "the initial witness interviewed was not present." (Id.)

As a result, Plaintiff has suffered "emotional distress," "trauma" due to the "discrimination," is "anxious around other people," has "thoughts of hurting [himself]," and is "more suspicious (afraid) of people in authority." (Id. at 6.) Plaintiff seeks damages and "to have Ms. Davis removed from her duties." (Id.)

## DISCUSSION

### I. PLEADING STANDARDS

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable.  Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  Id. at 633.  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  Id.  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  Id. at 634.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

## II. THE FAC FAILS TO COMPLY WITH FED. R. CIV. P. 10

Fed. R. Civ. P. 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). "Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." Id. at 840-41. "In such cases, separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings." Id. at 841. "'Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" Id. (citations omitted).

Plaintiff lists all of his allegations under Claim I. However, it is unclear which specific legal claims he is attempting to assert. Within Claim I, it appears that Plaintiff may be

4

alleging claims based on the failure to provide medical treatment, violation of his right to equal protection, and violation of due process in connection with his grievance. He also makes allegations regarding emotional distress. Plaintiff must set forth each of his claims – including the supporting facts for each claim – as separate counts and explain the factual basis for each count, so as to allow the Court and defendants to understand the scope and nature of Plaintiff's allegations.

Accordingly, the FAC is subject to dismissal pursuant to Rule 10. If Plaintiff wishes to file an amended complaint, he must set forth each claim as a separately and distinctly numbered claim. Any claim that is not clearly numbered or separated from all other claims <u>and</u> accompanied with the alleged facts supporting that claim will not be addressed as a separate claim for relief.

Plaintiff's apparent claims are also legally deficient. Although the Court has found that the FAC must be dismissed with leave to amend, if Plaintiff chooses to file another amended complaint, his claims will be governed by the following standards:

### III.   DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

It appears that Plaintiff was a pretrial detainee, as opposed to a convicted prisoner, at the time of the events relevant to this claim. Thus, his Section 1983 claims arise under the Due Process Clause of the Fourteenth Amendment, and not under the Eighth Amendment. <u>Castro v. County of Los Angeles</u>, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citing <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979)); <u>see also</u> <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1017 (9th Cir. 2010); <u>Maddox v. City of Los Angeles</u>, 792 F.2d 1408, 1414 (9th Cir. 1986). The test for establishing deliberate indifference under the Fourteenth Amendment is "purely objective," and there is no subjective component. <u>Castro</u>, 833 F.3d at 1071; <u>see also Kingsley v. Hendrickson</u>, 135 S. Ct. 2466, 2472-73 (2015).

The elements of a pretrial detainee's Fourteenth Amendment claim for deliberate indifference are:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily "turn[ ] on the 'facts and circumstances of each particular case.'" Kingsley, 135 S. Ct. at 2473 (quoting Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)); see also Restatement (Second) of Torts § 500 cmt. a (Am. Law Inst. 2016) (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it").

Castro, 833 F.3d at 1071; see also Darnell v. Pineiro, 849 F.3d 17, 35-36 (2d Cir. 2017) (concluding that "Kingsley's broad reasoning extends beyond the excessive force context in which it arose" and announcing "we join the . . . Ninth Circuit, which, . . . likewise interpreted Kingsley as standing for the proposition that deliberate indifference for due process purposes should be measured by an objective standard"). Under this test, "a pretrial detainee who asserts a due process claim" must "prove more than negligence but less than subjective intent – something akin to reckless disregard." Castro, 833 F.3d at 1071. Constitutional deprivations that are the result of mere negligence or accident are not actionable. Kingsley, 135 S. Ct. at 2472; see also Daniels v. Williams, 474 U.S. 327, 331-32 (1986) (negligence does not translate to a due process violation even if it causes injury).

Plaintiff alleges that Defendant "failed to meet [his] medical needs" and "refused to provide [Plaintiff] medical treatment on multiple occasions." (FAC at 5.) These allegations are wholly conclusory and fail to set forth any specific facts that would support a Fourteenth Amendment deliberate indifference claim.

If Plaintiff chooses to file another amended complaint, and if he is attempting to assert a claim based on inadequate medical treatment, he must set forth specific factual allegations including: how Defendant failed to provide Plaintiff with adequate medical care, when and in what circumstances these incidents occurred, how Defendant's actions caused Plaintiff physical harm, and why Defendant's actions were objectively unreasonable.

## IV. EQUAL PROTECTION

Plaintiff also may be attempting to assert a claim for violation of his right to equal protection. The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class (such as race), or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); see also Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Racial discrimination in prisons or jails is unconstitutional, except for "the necessities or prison security and discipline." Cruz v. Beto, 405 U.S. 319, 321 (1972); Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004). In prison, "even fundamental rights are judged by a standard of reasonableness – specifically, whether the actions of prison officials are 'reasonably related to legitimate penological interests.'" Id., at 974 (quoting Turner v. Safely, 482 U.S. 78, 89 (1987)).

To the extent that Plaintiff chooses to assert an equal protection claim in an amended complaint, he must allege facts demonstrating that he was treated differently because of his membership in a protected class, and that such treatment was not reasonably related to legitimate penological interests.

## V.   DUE PROCESS REGARDING GRIEVANCES

Plaintiff states that his grievance regarding Defendant's actions were "not fully investigated." (FAC at 5.) Detainees and prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). Thus, it is difficult to see how Plaintiff could bring a viable claim based on the failure to more fully investigate his grievance. Plaintiff should consider the legal viability of such a claim before asserting it in another amended complaint.

## VI.   EMOTIONAL DISTRESS

Plaintiff alleges that Defendant caused him emotional distress. (See FAC at 6.) It is unclear whether Plaintiff is attempting to assert a claim for negligent or intentional infliction of emotional distress. However, Congress has established that "[n]o Federal civil action may be brought by a prisoner confined in a . . . correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e). Plaintiff has not alleged any facts demonstrating physical injury or a sexual act. At least one these would be required to state a federal claim for negligent or intentional infliction of emotional distress.

If Plaintiff is attempting to bring a claim based on emotional distress, he should consider the legal viability of such a claim before asserting it in an amended complaint.

\* \* \* \*

For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment, or document.  The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order**.

DATED: April 20, 2021

                                                      */s/ John E. McDermott*
                                                  JOHN E. MCDERMOTT
                                       UNITED STATES MAGISTRATE JUDGE